IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IMPERIAL SUGAR COMPANY, | § |
| Plaintiff, | § |
| v | § Civil Action No.: |
| XL INSURANCE AMERICA, INC., | § |
| Defendant. | § |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant XL Insurance America, Inc. ("XL") hereby removes the action entitled *Imperial Sugar Company v. XL Insurance America, Inc.*, Case No. 10-DCV-183592, from the 400th Judicial District Court of Fort Bend County sitting in Richmond, Texas to the United States District Court for the Southern District of Texas. The jurisdictional basis for removal is diversity of citizenship. In support of removal, XL further states:

**A.  The State Court Action**

1. On August 31, 2010, Imperial Sugar Company ("Imperial Sugar") filed an action styled *Imperial Sugar Company v. XL Insurance America, Inc.*, Case No. 10-DCV-183592, in the 400th Judicial District Court of Fort Bend County sitting in Richmond, Texas. A certified copy of Plaintiff's Petition for Damages and Declaratory Relief and Request for Disclosure ("Petition") is attached as part of Exhibit A, which is a certified copy of the state court file.

2. The Petition concerns an insurance coverage dispute arising out of various lawsuits filed against Imperial Sugar alleging bodily injury resulting from an explosion that occurred at Imperial Sugar's refinery in Port Wentworth, Georgia (the "Underlying Actions").

Imperial Sugar contends that it is entitled to coverage for defense costs in the Underlying Actions under an excess liability insurance policy issued by XL (the "Excess Policy"). The Excess Policy is attached as part of Exhibit A.

3. The Excess Policy sits above various policies totaling at least $26 million in limits. At least this amount must be paid out by underlying insurance before there can be any potential for coverage under the Excess Policy. *See* Exhibit A at Schedule; Endorsement No. 6.

4. As its first cause of action, Imperial Sugar alleges that XL's position that it is not obligated to pay Imperial Sugar's defense costs in connection with the Underlying Actions was an anticipatory breach of contract. (Petition ¶¶ 25-37).

5. As its second cause of action, Imperial Sugar alleges that XL is estopped from denying coverage for Imperial Sugar's defense costs because XL represented that the Excess Policy provided coverage for Imperial Sugar's defense costs and Imperial Sugar relied on that representation to its detriment. (Petition ¶¶ 38-43).

6. As its third cause of action, Imperial Sugar seeks a declaration and judgment that XL is obligated to pay all of Imperial Sugar's defense costs incurred in connection with the Underlying Actions and that the payment of defense costs will not reduce or erode the limit of liability under the Excess Policy. (Petition ¶¶ 44-52).

7. XL was served with the Petition on September 13, 2010 by virtue of service on its registered agent, CT Corporation System. The executed Summons is attached hereto as Exhibit B.

8. XL is filing this Notice of Removal on October 1, 2010. This Notice is thus filed within twenty days after XL's receipt of the Petition and is timely pursuant to 28 U.S.C. § 1446(b). XL is the only defendant in this action. *See* Exhibit A.

**B.      This Action is Removable on the Basis of Diversity Jurisdiction**

9.      This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action between citizens of different States in which the amount in controversy is significantly in excess of $75,000, exclusive of interest and costs.

10.     There is complete diversity of citizenship between XL and Imperial Sugar.

11.     Imperial Sugar is a corporation incorporated under the laws of the State of Texas. Upon information and belief, Imperial Sugar maintains its principal place of business at 8016 Highway 90A, Sugar Land, Texas 77478.

12.     XL is a corporation incorporated under the laws of the State of Delaware that maintains its principal place of business in the State of Connecticut.

13.     For purposes of determining diversity of citizenship, a corporation is deemed to be a citizen of the state in which it is incorporated and also of the state in which its principal place of business is located.  28 U.S.C. § 1332(c)(1).  Accordingly, under 28 U.S.C. § 1332(c)(1), Imperial Sugar is a citizen of Texas, while XL is a citizen of Delaware and/or Connecticut.  Therefore, the requirement of 28 U.S.C. § 1332(a)(1), that an action founded on diversity jurisdiction be between "citizens of different States," is satisfied.

14.     The amount in controversy requirement is also satisfied because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  Plaintiff seeks a declaratory judgment that XL has a duty to provide coverage for Imperial Sugar's defense costs in the Underlying Actions. (Petition at ¶ 51).  According to the Petition, there are more than twenty-four personal injury lawsuits currently pending against Imperial Sugar and the at least $26 million in underlying limits will soon be exhausted by virtue of covered settlement payments made on behalf of Imperial Sugar. (Petition at ¶¶ 1, 20).  The facts and allegations of the Petition make it clear that Imperial Sugar seeks declaratory relief

exceeding $75,000. In addition, the plaintiff seeks damages for the alleged breach of contract and attorneys' fees and costs under Texas Civil Practice & Remedies Code § 37.009. (Petition at ¶ 55).

15. Accordingly, jurisdiction over the subject matter of this case is conferred by 28 U.S.C. §§ 1332(a)(1).

16. Because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, this action is removable pursuant to 28 U.S.C. § 1441. Additionally, because XL is not a citizen of Texas, the requirement of 28 U.S.C. § 1441(b) that no defendant properly joined and served is a citizen of the state in which the action was originally brought is satisfied.

17. This Notice of Removal is properly filed in the Southern District of Texas because this Court embraces the county in which the state court action is now pending. 28 U.S.C. §§ 98(a) & 1441(a).

18. Pursuant to 28 U.S.C. § 1446(d), XL is filing a copy of this Notice of Removal with the Clerk of the 400th Judicial District Court of Fort Bend County sitting in Richmond, Texas and is also serving a copy of this Notice on Imperial Sugar.

C. **Index of Items Being Filed and Identification of All Counsel of Record Pursuant to Local Rule 81**

XL provides the following index of matters being filed:

| Item | Description |
| --- | --- |
| Exhibit A | Certified copy of the state court file in *Imperial Sugar Company v. XL Insurance America, Inc.*, Case No. 10-DCV-183592 in the District Court of Fort Bend County, 400th Judicial District |
| Exhibit B | Copy of executed summons |

4

The names, addresses and telephone numbers of counsel for Plaintiff Imperial Sugar Company are:

| | |
|---|---|
| Darren L. McCarty (Bar # 24007631) | Gerald L. Mize, Jr. |
| ALSTON & BIRD LLP | Stephen L. Bracy |
| Chase Tower, Suite 3601 | ALSTON & BIRD LLP |
| 2200 Ross Avenue | 1201 West Peachtree Street |
| Dallas, Texas 75201 | Atlanta, Georgia 30309-3424 |

**WHEREFORE**, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. § 1332, Defendant XL Insurance America, Inc. respectfully removes the matter of *Imperial Sugar Company v. XL Insurance America, Inc.*, Case No. 10-DCV-183592, from the 400th Judicial District Court of Fort Bend County sitting in Richmond, Texas to the United States District Court for the Southern District of Texas.

Respectfully submitted,

**WRIGHT BROWN & CLOSE, LLP**

By:   /s/ *Andrew Love*
Howard L. Close
State Bar No. 04406500
Andrew Love
State Bar No. 24007571
Three Riverway, Suite 600
Houston, Texas 77056
Telephone: (713) 572-4321
Facsimile: (713) 572-4320

**ATTORNEYS FOR DEFENDANT
XL INSURANCE AMERICA, INC.**

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that on this 1st day of October, 2010, I caused a true and complete copy of the foregoing pleading to be served on the following counsel by depositing same in the United States Mail, postage prepaid:

| | |
|---|---|
| Darren L. McCarty | Gerald L. Mize, Jr. |
| ALSTON & BIRD LLP | Stephen L. Bracy |
| Chase Tower, Suite 3601 | ALSTON & BIRD LLP |
| 2200 Ross Avenue | 1201 West Peachtree Street |
| Dallas, Texas 75201 | Atlanta, Georgia 30309-3424 |

/s/ *Andrew Love*
Andrew Love