# CERTIFICATE

**THE STATE OF TEXAS:**

**COUNTY OF FORT BEND:**

     I, ANNIE REBECCA ELLIOTT, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing are true, correct and complete copies of the instruments herein set out as appears of record in the District Court of Fort Bend County, Texas, styled:  **Imperial Sugar Company vs  XL Insurance America, Inc.** in Cause No: **10-DCV-183592**, as the same appear from the original instruments.

     GIVEN UNDER MY HAND AND SEAL OF OFFICE, in Richmond,  Texas on this the 27th day of September, 2010.

**DISTRICT CLERK ANNIE REBECCA ELLIOTT**
**Fort Bend County, Texas**

By: _____

Deputy District Clerk Sonny Garcia
Telephone:  281-341-4508

Certificate
Created:
2008/05-19

**ORIGINAL**

# LORANCE & THOMPSON

A Professional Corporation
Attorneys at Law
Member of ALFA International
2900 North Loop West, Suite 500
Houston, Texas 77092
713.868.5560, ext. 127
Fax: 713.864.4671

Lacey F. Patella
Paralegal
E-Mail: LFP@LoranceThompson.com

Laredo Office
Local 956.796.9122
Toll Free 877.307.3041

September 8, 2010

Fort Bent County District Clerk
301 Jackson St.
Richmond, Texas 77469

(10-DCV-183592)

RE:    Plaintiff's Original Petition Request

To Whom It May Concern:

Enclosed is a check in the amount of $11.00 for Plaintiff's Original Petition, Cause No.
10-dcv-183592 Imperial Sugar Co. v. XL Insurance America Inc.

Should there be anything further needed to fill this request, please feel free to call me at
713.868.5560 ext 127.

Sincerely,

LORANCE & THOMPSON, P.C.

Lacey Patella
Paralegal

/enclosures

FILED
2010 SEP -9 AM 11: 06

CLERK DISTRICT COURT
FORT BEND CO. TX

CHRIS GIRNDT

10-DCV-183592
CORE
Copy Request
656517

# OFFICIAL RECEIPT



## OFFICE OF
## ANNIE REBECCA ELLIOTT
## DISTRICT CLERK
## FORT BEND COUNTY
## 401 JACKSON
## RICHMOND, TEXAS 77469

Payor
Patella, Lacey F.
Lorance & Thompson
2900 North Loop West, Suite 500
Houston, TX 77092

Receipt No.
**2010-24258-DCLK**

Transaction Date
09/9/2010

| Description | Amount Paid |
|---|---|
| Patella, Lacey F. | |
|     10-DCV-183592 | |
|     Imperial Sugar Company vs XL Insurance America, Inc. | |
|         Copies | 11.00 |
|         Copies | 11.00 |
|     **SUBTOTAL** | 11.00 |
|     Remaining Balance Due:  $0.00 | |

| | |
|---|---|
| **PAYMENT TOTAL** | **11.00** |

| | |
|---|---|
| Check (Ref #46436) Tendered | 11.00 |
| Total Tendered | **11.00** |
| Change | 0.00 |

| 09/09/2010 | Cashier coleyola | Audit |
|---|---|---|
| 01:23 PM | Station DCR03 | 3538233 |

## OFFICIAL RECEIPT

400

# Fort Bend District
**ELECTRONIC FILING MANAGER**

**Court Information**

Clerk:                                          **Slawinski, Brenda**

**Attorney & Filer Information**

Attorney Name:                                  Jones, Jr., William T.

Attorney Email:                                 bjones@triallawfirm.com

Bar Number:                                     24032601

Law Firm:                                       Clark, Burnett, Love & Lee G.P.

Address:                                        Ike Department

                                                440 Louisiana Street, Suite 1600

City/State/Zip:                                 Houston, TX 77002

Phone Number:                                   713-757-1400

Fax Number:                                     713-759-1217

Filer Name:                                     Jones, Jr., William T.

Filer ID:                                       BTJones

Filer Email:                                    bjones@triallawfirm.com

Filer Type:                                     Attorney

Filing Type and Fee Changes Allowed?            Yes

**Filing Information**

Filing Status:                                  Acknowledgement - Open

Filer Submission Date/Time                      Sunday, August 29, 2010 11:29 AM

Trace Number:                                   ED079J015933447

Court Assignment:

Hearing Date:

Court Type:                                     District

Case/Cause Number:

Style/Case Name:                                Oliver Prieve and Elaine Prieve v. State Farm
                                                Lloyds, Reginald Douglas and Kietha Cummings

Filing Type:                                    Other Civil Suit

Sealed Document:                                No

Special Instructions:

Comments to the Filer:                          10−DCV−183547
                                                LETT
Additional Comments:                            Letters
                                                6556625

**Respondents**

Name:                                           Cummings, Kietha

Delivery Method:                                Service by Private Process

Service Comments:

| | |
|---|---|
| Address: | PO Box 1466 |
| | Richmond, TX 77406 |
| Name: | Douglas, Regina |
| Delivery Method: | Service by Private Process |
| Service Comments: | |
| Address: | 4307 Brights Bend |
| | Missouri City, TX 77459 |
| Name: | State Farm Lloyds |
| Delivery Method: | Service by Private Process |
| Service Comments: | |
| Address: | 17301 Preston Rd |
| | Dallas, TX 75252 |

| Filing Parties & Attorney of Record | |
|---|---|
| Name | Roles |
| Jones, Jr., William T. | Filer - Filing Attorney - Plaintiff Counsel |

| Petitioner Attorneys | |
|---|---|
| Name | Roles |
| Jones, Jr., William T. | Filer - Filing Attorney - Plaintiff Counsel |

| Defense Attorneys |
|---|
| None Specified |

| Other Parties |
|---|
| None Specified |

**Payment Information**

Payment Method: Credit Card - American Express, Account # ************1023

**Filing Fees**

| | |
|---|---|
| Other Civil Suit | $252.00 |
| Fort Bend District eFiling Fee | $2.00 |
| **Filing Fee Total:** | **$254.00** |

**Misc. Fees**

| | |
|---|---|
| Citation | $24.00 |
| Number of Citations (3) | |
| Jury Fee | $30.00 |

| | |
|---|---|
| Copies - Per Page | $27.00 |
| Number of Pages (27) | |
| **Misc. Fee Total:** | **$81.00** |

**Service Fees**

| | |
|---|---|
| Service by Private Process | $0.00 |
| **Service Fee Total:** | **$0.00** |
| **Grand Total:** | **$335.00** |

**Document Information**

Number of Documents                            1

**Filing Document**

File Name:                            Original petition.pdf

Document Description:

# OFFICIAL RECEIPT



### OFFICE OF
### ANNIE REBECCA ELLIOTT
### DISTRICT CLERK
### FORT BEND COUNTY
### 401 JACKSON
### RICHMOND, TEXAS 77469

Payor
Jones, William T., Jr
CLARK BURNETT LOVE & LEE GP
440 Louisiana, Suite 1600
Houston, TX 77002

Receipt No.
**2010-22843-DCLK**

Transaction Date
08/30/2010

| Description | Amount Paid |
|---|---|

Prieve, Oliver
    10-DCV-183547
        Oliver Prieve, Elaine Prieve vs State Farm Lloyds, Douglas Cummings, Kietha Cummings

| | |
|---|---|
| Civil Base Filing Fees | **252.00** |
| Alternative Dispute Resolution | 15.00 |
| Appellate Fee | 5.00 |
| Clerk Filing Fee | 50.00 |
| Court Record Preservation | 10.00 |
| Court Reporter Service Fee | 15.00 |
| Courthouse Security Fee | 5.00 |
| Judicial Fund | 50.00 |
| Law Library Fee | 30.00 |
| Record Archive Fund | 5.00 |
| Records Management | 5.00 |
| Records Management and Preservations | 5.00 |
| Sheriff Fee | 5.00 |
| State Basic Civil Legal Service for Indigents | 10.00 |
| Support of the Judiciary Fund | 42.00 |
| Jury Fee | **30.00** |
| Jury Fee | 30.00 |
| Copies | **27.00** |
| Copies | 27.00 |
| Issuance Fee | **24.00** |
| Issuance | 24.00 |
| E-filing | **2.00** |
| E-filing Fee | 2.00 |
| **SUBTOTAL** | **335.00** |

Remaining Balance Due:  $0.00

| | |
|---|---|
| **PAYMENT TOTAL** | **335.00** |

| | |
|---|---|
| E-Filing (Ref #33447) Tendered | 335.00 |
| Total Tendered | **335.00** |
| Change | 0.00 |

New Civil Ct#400

| | | |
|---|---|---|
| 08/30/2010 | Cashier slawibre | Audit |
| 03:49 PM | Station DCR15 | 3529241 |

## OFFICIAL RECEIPT

# OFFICIAL RECEIPT



**OFFICE OF**
**ANNIE REBECCA ELLIOTT**
**DISTRICT CLERK**
**FORT BEND COUNTY**
**401 JACKSON**
**RICHMOND, TEXAS 77469**

| | |
|---|---|
| Payor | Receipt No. |
| Jones, William T., Jr | **2010-22843-DCLK** |
| CLARK BURNETT LOVE & LEE GP | |
| 440 Louisiana, Suite 1600 | Transaction Date |
| Houston, TX 77002 | 08/30/2010 |

| Description | Amount Paid |
|---|---|
| Prieve, Oliver | |
|    10-DCV-183547 | |
|      Oliver Prieve, Elaine Prieve vs State Farm Lloyds, Douglas Cummings, Kietha Cummings | |
|        Civil Base Filing Fees | **252.00** |
|           Alternative Dispute Resolution | 15.00 |
|           Appellate Fee | 5.00 |
|           Clerk Filing Fee | 50.00 |
|           Court Record Preservation | 10.00 |
|           Court Reporter Service Fee | 15.00 |
|           Courthouse Security Fee | 5.00 |
|           Judicial Fund | 50.00 |
|           Law Library Fee | 30.00 |
|           Record Archive Fund | 5.00 |
|           Records Management | 5.00 |
|           Records Management and Preservations | 5.00 |
|           Sheriff Fee | 5.00 |
|           State Basic Civil Legal Service for Indigents | 10.00 |
|           Support of the Judiciary Fund | 42.00 |
|        Jury Fee | **30.00** |
|           Jury Fee | 30.00 |
|        Copies | **27.00** |
|           Copies | 27.00 |
|        Issuance Fee | **24.00** |
|           Issuance | 24.00 |
|        E-filing | **2.00** |
|           E-filing Fee | 2.00 |
| **SUBTOTAL** | **335.00** |
| Remaining Balance Due:  $0.00 | |

| | |
|---|---|
| **PAYMENT TOTAL** | **335.00** |
| E-Filing (Ref #33447) Tendered | 335.00 |
| Total Tendered | **335.00** |
| Change | 0.00 |

New Civil Ct#400

| | | |
|---|---|---|
| 08/30/2010 | Cashier slawibre | Audit |
| 03:49 PM | Station DCR15 | 3529241 |

# OFFICIAL RECEIPT

# Fort Bend District
**ELECTRONIC FILING MANAGER**

**Court Information**

| | |
|---|---|
| Clerk: | **Luedeke, Kathy** |

**Attorney & Filer Information**

| | |
|---|---|
| Attorney Name: | McCarty, Darren |
| Attorney Email: | darren.mccarty@alston.com |
| Bar Number: | 24007631 |
| Law Firm: | Alston & Bird LLP |
| Address: | 2200 Ross Avenue |
| | Suite 3601 |
| City/State/Zip: | Dallas, TX 75201 |
| Phone Number: | 214-922-3406 |
| Fax Number: | 214-922-3899 |
| Filer Name: | McCarty, Darren |
| Filer ID: | mccarty1125 |
| Filer Email: | darren.mccarty@alston.com |
| Filer Type: | Attorney |
| Filing Type and Fee Changes Allowed? | Yes |

**Filing Information**

| | |
|---|---|
| Filing Status: | Confirmation |
| Filer Submission Date/Time | Tuesday, August 31, 2010 3:14 PM |
| Trace Number: | ED079J015936568 |
| Court Assignment: | 400th Judicial District Court |
| Hearing Date: | |
| Court Type: | District |
| Case/Cause Number: | 10-DCV-183592 |
| Style/Case Name: | Imperial Sugar Company v. XL Insurance America, Inc. |
| Filing Type: | Other Civil Suit |
| Sealed Document: | No |
| Special Instructions: | Please send a filed-stamped copy of the instrument to our offices at: |
| | Alston & Bird, LLP |
| Comments to the Filer: | Thank you for e-filing with the Fort Bend County District Clerk. |
| Additional Comments: | |

**Petitioners**

| | |
|---|---|
| Name: | Imperial Sugar Company |
| Delivery Method: | |
| Service Comments: | |

10-DCV-183592
LETT
Letters
655707

Address:                                        2200 Ross Avenue, Suite 3601

                                                Dallas, TX 75201

## Respondents

Name:                                           XL Insurance America, Inc.

Delivery Method:                                Service by Private Process

Service Comments:

Address:                                        350 North St. Paul Street

                                                Dallas, TX 75201

### Filing Parties & Attorney of Record

| Name | Roles |
|------|-------|
| McCarty, Darren | Filer - Filing Attorney - Attorney of Record - Plaintiff Counsel |

### Petitioner Attorneys

| Name | Roles |
|------|-------|
| Mize, Jr., Gerald | Plaintiff Counsel |
| McCarty, Darren | Filer - Filing Attorney - Attorney of Record - Plaintiff Counsel |

### Defense Attorneys

| None Specified |
|----------------|

### Other Parties

| None Specified |
|----------------|

## Payment Information

**Payment Method: Credit Card - American Express, Account # ***********1000**

**Filing Fees**

| | |
|---|---|
| Other Civil Suit | $252.00 |
| Fort Bend District eFiling Fee | $2.00 |
| **Filing Fee Total:** | **$254.00** |

**Misc. Fees**

| | |
|---|---|
| Citation | $8.00 |
| Number of Citations (1) | |
| Jury Fee | $30.00 |
| Copies - Per Page | $46.00 |
| Number of Pages (46) | |
| **Misc. Fee Total:** | **$84.00** |

**Service Fees**

Service by Private Process                                                          $0.00

                                              **Service Fee Total:**   **$0.00**

                                                 **Grand Total:**   **$338.00**

**Document Information**

**Number of Documents**                          2

**Filing Document**

File Name:                                     Complaint.pdf

Document Description:

**Attachments**

File Name:                                     Exhibit A to Complaint.pdf

Document Description:

**ANNIE REBECCA ELLIOTT**
**FORT BEND COUNTY DISTRICT CLERK**
**301 JACKSON**
**RICHMOND, TEXAS 77469**
**281-633-7616**

September 11, 2010

TO:  **DARREN L. MCCARTY**
      **1201 WEST PEACHTREE ST**
      **ATLANTA GA  30309**

Re:  Cause No. **10-DCV-183592**
      **400th Judicial District Court**

**Imperial Sugar Company vs  XL Insurance America, Inc.**

Dear **DARREN L. MCCARTY:**

Please find enclosed the following:

**1 CITATION ISSUED FOR FURTHER HANDLING BY YOUR OFFICE.**

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
      Deputy District Clerk **Tentra Allen**
      Telephone: 281-633-7616

**FILE**

Letter / Form Letter
Created:
2008/05/28

10-DCV-183592
LECL
Letter from Clerk
655710

# OFFICIAL RECEIPT



## OFFICE OF
## ANNIE REBECCA ELLIOTT
## DISTRICT CLERK
## FORT BEND COUNTY
## 401 JACKSON
## RICHMOND, TEXAS 77469

Payor
McCarty, Darren L.
1201 West Peachtree St.
Atlanta, GA 30309

Receipt No.
**2010-23069-DCLK**

Transaction Date
09/1/2010

| Description | Amount Paid |
|---|---|
| Imperial Sugar Company | |
|     10-DCV-183592 | |
|         Imperial Sugar Company vs XL Insurance America, Inc. | |
|         Civil Base Filing Fees | **252.00** |
|             Alternative Dispute Resolution | 15.00 |
|             Appellate Fee | 5.00 |
|             Clerk Filing Fee | 50.00 |
|             Court Record Preservation | 10.00 |
|             Court Reporter Service Fee | 15.00 |
|             Courthouse Security Fee | 5.00 |
|             Judicial Fund | 50.00 |
|             Law Library Fee | 30.00 |
|             Record Archive Fund | 5.00 |
|             Records Management | 5.00 |
|             Records Management and Preservations | 5.00 |
|             Sheriff Fee | 5.00 |
|             State Basic Civil Legal Service for Indigents | 10.00 |
|             Support of the Judiciary Fund | 42.00 |
|     Jury Fee | **30.00** |
|         Jury Fee | 30.00 |
|     Copies | **46.00** |
|         Copies | 46.00 |
|     Issuance Fee | **8.00** |
|         Issuance | 8.00 |
|     E-filing | **2.00** |
|         E-filing Fee | 2.00 |
| **SUBTOTAL** | **338.00** |

Remaining Balance Due:  $0.00

| | |
|---|---|
| **PAYMENT TOTAL** | **338.00** |

| | |
|---|---|
| E-Filing (Ref #36568) Tendered | 338.00 |
| Total Tendered | 338.00 |
| Change | 0.00 |

pet for damages

| | | |
|---|---|---|
| 09/01/2010 | Cashier luedekat | Audit |
| 09:09 AM | Station DCR02 | 3530964 |

## OFFICIAL RECEIPT

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

THE STATE OF TEXAS

CITATION

TO:   **XL INSURANCE AMERICA INC**
      **REGISTERED AGENT CT CORPORATION SYSTEM**
      **350 NORTH ST PAUL STREET**
      **DALLAS TX 75201**

**NOTICE:**

     You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PETITION FOR DAMAGES AND DECLARATORY RELIEF AND REQUEST FOR DISCLOSURE** filed on **August 31, 2010,** a default judgment may be taken against you.  Said answer may be filed by mailing same to: District Clerk's Office, 301 Jackson, Richmond, Texas 77469, or by bringing it to the office.  Our street address is 401 Jackson Street.  We are located on the first floor of the Courthouse building.

     The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas, and was filed on **August 31, 2010.** It bears cause number **10-DCV-183592** and is styled:

**IMPERIAL SUGAR COMPANY VS  XL INSURANCE AMERICA, INC.**

     The name and address of the attorney for **PLAINTIFF** is:

**DARREN L. MCCARTY**
**1201 WEST PEACHTREE ST**
**ATLANTA GA  30309**
**214-922-3400**

     The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PETITION FOR DAMAGES AND DECLARATORY RELIEF AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

     If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 11th day of September, 2010.**

                       **DISTRICT CLERK ANNIE REBECCA ELLIOTT**
                       **Fort Bend County, Texas**

By:_____
        **Deputy District Clerk TENTRA ALLEN**
        **Telephone: (281) 633-7616**

Citation – Original Petition
Created:
2008/07-07

**FILE**

10 – DCV – 183592
ISSU
Issuance
655709



Please send a filed-stamped copy of the instrument to our offices at:

Alston & Bird, LLP
2200 Ross Avenue, Suite 3601
Dallas, Texas 75201
Attn.: Darren L. McCarty

Please note that the citation will be served on Defendant's registered agent:

C T Corporation System
350 North St. Paul Street
Dallas, Texas 75201

We will provide the private process server.

Thank you.

FILED

AT _____ O'CLOCK ___ M.
AUG 3 1 2010

Clerk District Court, Fort Bend Co., TX

10 — DCV — 183592
LETT
Letters
665708

**ANNIE REBECCA ELLIOTT**
**FORT BEND COUNTY DISTRICT CLERK**
**301 JACKSON**
**RICHMOND, TEXAS 77469**
**281-633-7616**

**September 11, 2010**

TO:    **DARREN L. MCCARTY**
        **1201 WEST PEACHTREE ST**
        **ATLANTA GA  30309**

Re:    Cause No. **10-DCV-183592**
        **400TH JUDICIAL DISTRICT COURT**

**Imperial Sugar Company vs  XL Insurance America, Inc.**

Dear **DARREN L. MCCARTY**:

Please find enclosed the following:

**1 CITATION ISSUED FOR FURTHER HANDLING BY YOUR OFFICE.**

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
    Deputy District Clerk **Tentra Allen**
    Telephone: 281-633-7616

**ORIGINAL**

Letter / Form Letter
Created:
2008/05/28

**H.**     **Appeals.** In the event the Insured or the Insured's underlying insurer elects not to appeal a judgment which exceeds the underlying insurance, the Company may elect to do so at its own expense, and shall be liable for the taxable costs, disbursements and interest incidental thereto, but in no event shall the liability of the Company for excess loss exceed the amount set forth in Item 6. of the Declarations.

**I.**     **Subrogation.** In the event of payment under this policy, the Company will participate with the Insured and any underlying insurer in the exercise of all the Insured's rights of recovery against any person or organization liable therefor. Recoveries shall be applied first to reimburse any interest (including the Insured) that may have paid any amount, with respect to liability in excess of the limit of the Company's liability hereunder, then to reimburse the Company up to the amount paid hereunder, and lastly to reimburse such interests (including the Insured), to whom this insurance is excess as are entitled to claim the residue, if any. Such expenses incurred in the exercise of rights of recovery shall be apportioned among all interests in the ratio of their respective losses for which recovery is sought.

**J.**     **Cancellation.** This policy may be canceled by the Named Insured by surrender thereof to the Company or any of its authorized agents, or by mailing to the Company written notice stating when thereafter such cancellation shall be effective. This policy may be canceled by the Company by mailing to the Named Insured at the address shown in this policy written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient notice and the effective date of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the Named Insured or by the Company shall be equivalent to mailing.

    Premium adjustment shall be made by the Company either at the time cancellation is effected or as soon as practicable thereafter. The check of the Company or its representative, mailed or delivered, shall be sufficient tender of any refund due the Named Insured.

    If this policy insures more than one Named Insured, cancellation may be effected by the first of such Named Insureds for the account of all Insureds; and notice of cancellation by the Company to such first Named Insured shall be notice to all Insureds. Payment of any unearned premium to such first Named Insured shall be for the account of all interests therein.

**K.**     **Other Insurance.** If other valid and collectible insurance is available to the Insured which covers a loss also covered by this policy, other than insurance that is specifically purchased as being in excess of this policy, this policy shall operate in excess of, and not contribute with, such other insurance.

In witness whereof, the Company has caused this policy to be signed by its President and Secretary but this policy shall not be valid unless completed by the attachment hereto of a Declarations page countersigned by a duly authorized representative of the Company.

Nicholas M. Brown
President

Theresa M. Morgan
Secretary

XS 39 (12-87)

# Cancellation and Nonrenewal - Texas

This endorsement changes the policy. Please read it carefully.

This endorsement modifies insurance provided under the following:

Excess Insurance Policy

A.    Condition J. Cancellation, is deleted in its entirety and replaced by the following:

    1.    This policy may be canceled by the first Named Insured shown in the Declarations, by mailing or delivering to the Company advance written notice of cancellation.

    2.    The Company may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation, stating the reason for cancellation, at least ten (10) days before the effective date of cancellation.

    3.    If this policy has been in effect for sixty (60) or fewer days, the Company may cancel for any reason.

    4.    If this policy has been in effect for more than sixty (60) days, the Company may cancel only for one or more of the following reasons:

        a.    Fraud in obtaining coverage;

        b.    Failure to pay premiums when due;

        c.    An increase in hazard within the control of the Insured which would produce an increase in rate;

        d.    Loss of the reinsurance covering all or part of the risk covered by the policy; or

        e.    If the Company has been placed in supervision, conservatorship or receivership and the cancellation is approved or directed by the supervisor, conservator or receiver.

B.    The following condition is added and supersedes any provision to the contrary:
Nonrenewal

    1.    The Company may elect not to renew this policy by mailing or delivering to the first Named Insured, at the last mailing address known to us, written notice of nonrenewal, stating the reason for nonrenewal, at least sixty (60) days before the expiration date. If notice is mailed or delivered less than sixty (60) days before the expiration date, this policy will remain in effect until the sixty-first (61st) day after the date on which the notice is mailed or delivered. Earned premium for any period of coverage that extends beyond the expiration date will be computed pro rata based on the previous year's premium.

# Economic or Trade Sanctions

*This endorsement changes the policy. Please read it carefully.*

This endorsement modifies insurance provided under the following:

**Excess Liability Insurance Policy**

The following Condition is added to the policy:

**Economic or Trade Sanctions**

If coverage for a claim or "Suit" under this policy is in violation of any United States of America economic or trade sanctions, including but not limited to, sanctions administered and enforced by the United States Treasury Department's Office of Foreign Assets Control ("OFAC"), then coverage for that claim or "Suit" shall be null and void.

All other terms, definitions, conditions and exclusions of this policy remain unchanged.

**This endorsement is part of your policy and takes effect on the effective date of your policy, unless another effective date is shown below.**

Must be completed always:

Complete only when this endorsement is not prepared with the policy or is not to be effective with the policy:

Endorsement Number:      3.
Policy Number:              US00006399LI07A

Issued to: **Imperial Sugar Company**
Effective Date of this Endorsement: **April 01, 2007**

XL Insurance America, Inc.

Countersigned By:  *Richard Noriega*
_____
                    Authorized Representative

Imperial Sugar Company                                              Page 1 of 1

# Amendment to Conditions — Crisis Response

*This endorsement changes the policy. Please read it carefully.*

This endorsement modifies insurance provided under the following:

Excess Insurance Policy

This policy is amended as follows:

Conditions, Paragraph **A.** is deleted in its entirety and replaced by the following:

**A.**   **Application of Underlying Insurance.**  Except as otherwise stated herein, and except with respect to (1) any obligation to investigate or defend any claim or suit, or (2) any obligation to renew, this policy shall apply in like manner as the underlying insurance described in the Declarations.  However, this policy shall not apply with respect to the following designated endorsement(s) provided in the underlying insurance policy described in the Declarations:

**Underlying Insurance Endorsement (s)**

Crisis Response Endorsement

This endorsement is part of your policy and takes effect on the effective date of your policy, unless another effective date is shown below.

Must be completed always:

Complete only when this endorsement is not prepared with the policy or is not to be effective with the policy:

Endorsement Number:     **4**
Policy Number:               **US00006399LI07A**

Issued to: **Imperial Sugar Company**
Effective Date of this Endorsement: **April 01, 2007**

XL Insurance America, Inc.

Countersigned By _____
                                         Authorized Representative

Imperial Sugar Company

# Amendment to Conditions Endorsement – Loss Payable and Expenses

*This endorsement changes the policy. Please read it carefully.*

This endorsement modifies insurance provided under the following:

Excess Insurance Policy

This policy is amended as follows:

Conditions, Paragraph C, Loss Payable is deleted in its entirety and replaced by the following:

C.   Loss Payable.  Liability of the Company with respect to any one occurrence shall not attach unless and until:

   a.   the Insured, or the Insured's underlying insurer, has paid the amount of underlying insurance stated in Item 5. of the Declarations; and

   b.   the Insured's liability has been determined by final judgment after actual trial or by written agreement of the Insured, the claimant and the Company.

Conditions, Paragraph F, Expenses is deleted in its entirety and replaced by the following:

F.   Expenses. We will not be obligated to assume charge of the investigation, settlement or defense of any claim made, suit brought or proceeding instituted against the Insured. We will, however, have the right and shall be given the opportunity to participate in the defense and trial of any claims, suits or proceedings relative to any accident or occurrence which, in our opinion, may create liability on our part under the terms of this policy.  If we exercise such right, we will do so at our own expense.

This endorsement is part of your policy and takes effect on the effective date of your policy, unless another effective date is shown below.

Must be completed always:

Complete only when this endorsement is not prepared with the policy or is not to be effective with the policy:

Endorsement Number:   5
Policy Number:   US00006399LI07A

Issued to: Imperial Sugar Company
Effective Date of this Endorsement: April 01, 2007

XL Insurance America, Inc.

Countersigned By: _____
Authorized Representative

Imperial Sugar Company

Page 1 of 1

# Insuring Agreement Redefined

*This endorsement changes the policy. Please read it carefully.*

This endorsement modifies insurance provided under the following:

Excess Insurance Policy

It is agreed that:

The paragraph entitled Insuring Agreement is replaced with the following:

To pay on behalf of the Insured that amount of loss which exceeds the amount of loss payable by underlying policies described in the Declarations, but the Company's obligation hereunder shall not exceed the Limit of Liability stated in Item 6. of the Declarations.

---

**This endorsement is part of your policy and takes effect on the effective date of your policy, unless another effective date is shown below.**

Complete only when this endorsement is not prepared with the policy or is not to be effective with the policy:

Must be completed always:

| | |
|---|---|
| Endorsement Number: | 6 |
| Policy Number: | US00006399LI07A |

Issued to: **Imperial Sugar Company**
Effective Date of this Endorsement: **April 01, 2007**

XL Insurance America, Inc.

Countersigned By: _Richard Monaghan_
                        Authorized Representative

# Nuclear Energy Liability Exclusion Endorsement

*This endorsement changes the policy. Please read it carefully.*

This endorsement modifies insurance provided under the following:

Excess Insurance Policy

It is agreed that:

I.     This policy does not apply:

     A.     To injury, sickness, disease, death, destruction or loss

          (1)     With respect to which an Insured under the policy is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Underwriters or Nuclear Insurance Association of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its Limit of Liability; or

          (2)     Resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to The Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the Insured is, or had its policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization;

     B.     To injury, sickness, disease, death, destruction or loss resulting from the hazardous properties of nuclear material, if

          (1)     The nuclear material (a) is at any nuclear facility owned by or operated by or on behalf of an Insured, or (b) has been discharged or dispersed therefrom;

          (2)     The nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an Insured; or

          (3)     The injury, sickness, disease, death, destruction or loss arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this Exclusion (3) applies only to injury to or destruction of or loss of property at such nuclear facility;

II.     As used in this endorsement:

"Hazardous properties" include radioactive, toxic or explosive properties;
"Nuclear material" means source material, special nuclear material or by-product material;

"Source material", "special nuclear material" and "by-product material" have the meanings given them in

The Atomic Energy Act of 1954 or in any law amendatory thereof;
"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"Waste" means any waste material (1) containing by-product material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under Paragraph (1) or (2) thereof;

"Nuclear facility" means:

          (1)     Any nuclear reactor,

(2)     Any equipment or device designed or used for (a) separating the isotopes of uranium or plutonium, (b) processing or utilizing spent fuel, or (c) handling, processing or packaging waste;

(3)     Any equipment or device used for processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

(4)     Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste, and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

        "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in self-supporting chain reaction or to contain a critical mass of fissionable material;

With respect to injury to or destruction of or loss of property, the word "injury" or "destruction" or "loss" includes all forms of radioactive contamination of property.

**This endorsement is part of your policy and takes effect on the effective date of your policy, unless another effective date is shown below.**

|  |  |
|---|---|
|  | Complete only when this endorsement is not prepared with the policy or is not to be effective with the policy: |
| Must be completed always: |  |
| Endorsement Number:   **7** | Issued to: **Imperial Sugar Company** |
| Policy Number:          **US00006399LI07A** | Effective Date of this Endorsement: **April 01, 2007** |

XL Insurance America, Inc.

Countersigned By: _____

                                            Authorized Representative

# Exclusion – Asbestos

*This endorsement changes the policy. Please read it carefully.*

This endorsement modifies insurance provided under the following:

Excess Insurance Policy

It is agreed that this policy does not apply to "bodily injury" or "property damage" of any nature whatsoever caused by, arising out of, or relating in any way to asbestos, the harmful properties of asbestos, or any asbestos-containing product or material, or to the presence of or the actual or threatened use, installation, withdrawal, or disposal of any such product or material.

**This endorsement is part of your policy and takes effect on the effective date of your policy, unless another effective date is shown below.**

|  |  |
|---|---|
| Must be completed always: | Complete only when this endorsement is not prepared with the policy or is not to be effective with the policy: |
| Endorsement Number:     **8** | Issued to: **Imperial Sugar Company** |
| Policy Number:     **US00006399LI07A** | Effective Date of this Endorsement: **April 01, 2007** |

XL Insurance America, Inc.

Countersigned By: _Richard Moriega_

Authorized Representative

# United States Longshore and Harbor Workers Act and Jones Act Exclusion

*This endorsement changes the policy. Please read it carefully.*

**This endorsement modifies insurance provided under the following:**

Excess Insurance Policy

This insurance does not apply to **Bodily Injury** to any employee of the **Insured** arising out of or in the course of:

1.      his or her employment by the **Insured**; or

2.      performing duties related to the conduct of the **Insured's** business

which are subject to the United States Longshore and Harbor Workers Act (33 USC Sections 901-950) or the Jones Act (46 USC Section 688), and any amendment thereto.

---

**This endorsement is part of your policy and takes effect on the effective date of your policy, unless another effective date is shown below.**

Must be completed always:

Endorsement Number:     9
Policy Number:          US00006399LI07A

Complete only when this endorsement is not prepared with the policy or is not to be effective with the policy:

Issued to: **Imperial Sugar Company**
Effective Date of this Endorsement: April 01, 2007

XL Insurance America, Inc.

Countersigned By: _Richard Noriega_
                              Authorized Representative

Imperial Sugar Company                                                              Page 1 of 1

# CAP ON LOSSES FROM "Certified Acts of Terrorism"

*his endorsement changes the policy. Please read it carefully.*

This endorsement modifies insurance provided under the following:

**Commercial Excess Liability Policy**

With respect to any one or more "certified acts of terrorism", we will not pay any amounts for which we are not responsible under the terms of the Federal Terrorism Risk Insurance Act of 2002 (including subsequent acts of Congress pursuant to the Act) due to the application of any clause which results in a cap on our liability for payments for terrorism losses.

"Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States, to be an act of terrorism pursuant to the federal Risk Insurance Act of 2002 and any amendments thereto. The federal Terrorism Risk Insurance Act of 2002 sets forth the following criteria for a "certified act of terrorism":

1.     The act resulted in aggregate losses in excess of $5 million; and

2.     The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

All other terms, definitions, conditions and exclusions of this policy remain unchanged.

**This endorsement is part of your policy and takes effect on the effective date of your policy, unless another effective date is shown below.**

Must be completed always:

Complete only when this endorsement is not prepared with the policy or is not to be effective with the policy:

Endorsement Number:     **10**
Policy Number:              **US00006399LI07A**

Issued to: **Imperial Sugar Company**
Effective Date of this Endorsement: **April 01, 2007**

*Richard Moriega*

XL Insurance America, Inc.

Countersigned By: _____
                              Authorized Representative

Cap on Losses from Certified Acts - XS 275 (1106)                                         Page 1 of 1

Umbrella (XL)
$25 x $25

# ✖L INSURANCE

# EXCESS INSURANCE POLICY

## DECLARATIONS

**Policy Number**   US00006399LI07A

**Renewal of Number**   US00006399LI06A

**Date Issued**  May 23, 2007

| Item | | |
|---|---|---|
| **1.** | **Named Insured & Address** | Imperial Sugar Company<br>8016 Highway 90A<br>Sugar Land, TX  77478 |
| **2.** | **Policy period** | Policy covers from April 01, 2007 to April 01, 2008 12:01 a.m. standard time at the Named Insured's address stated above. |
| **3.** | **Coverage is provided by** | XL Insurance America, Inc.<br><br>Representative:     Todd Haselhorst<br>Agent or Broker:   Hilb, Rogal & Hobbs<br>Office Address:     1155 Dairy Ashford, Suite # 350<br>Houston, Texas  77079 |
| **4.** | **Premium is payable** | $ 50,000 in advance adjustable at a rate of Flat per N/A<br>Annual Exposure estimated at:  N/A.<br>$ 50,000 Annual Minimum Premium<br>plus $ 450 2002 Federal Terrorism Risk Insurance Act<br>= $ 50,450 Total Advance Premium |
| **5.** | **Underlying Insurance** | As per Schedule of Underlying Insurance/Limit of Liability Attached |
| **6.** | **Limit of Liability** | As per Schedule of Underlying Insurance/Limit of Liability Attached |
| **7.** | **Policy jacket, forms and endorsements attached to this policy at inception (number and edition date)** | As per CD 108 (5-99) attached |

XL Insurance America, Inc.

Countersigned By: _____

_Richmond Noriega_

Authorized Representative

XS 38 (12-87)

# Coverage Forms/Parts • Endorsements • Enclosures

Named Insured  Imperial Sugar Company          Policy Number  US00006399LI07A

## Coverage Forms/Parts and Endorsements Forming a Part of This Policy at Inception:

| Form Number (Edition Date) | Title |
|---|---|
| XS 38 (12-87) | Excess Insurance Policy Declarations |
| XS 39 (12-87) | Excess Insurance Policy |
| | Schedule of Underlying Insurance/Limit of Liability |

## State Amendatory Endorsements

| Endorsement Number | Name |
|---|---|
| End. # 1 | XS 122 (1-89) Texas Nuclear Exclusion Amendment |
| End. # 2 | XS 123 (7-94) Cancellation and Nonrenewal Texas |

## Other Endorsements

| Endorsement Number | Endorsement Title |
|---|---|
| End. # 3 | Economic and Trade Sanctions |
| End. # 4 | Amendment to Conditions - Crisis Response Endorsement |
| End. # 5 | Amendment to Conditions Endorsement - Loss Payable and Expenses |
| End. # 6 | XS 193 (1-98) Insuring Agreement Redefined |
| End. # 7 | XS 40 (12-87) Nuclear Energy Liability Exclusion |
| End. # 8 | XS 2 (8-91) Asbestos Exclusion |
| End. # 9 | United States Longshore and Harbor Workers Act and Jones Act Exclusion |
| End. # 10 | Cap on Losses from Certified Acts - XS 275 (1100) |

CD 108 (5-99)

# Schedule of Underlying Insurance/Limit of Liability

*This endorsement changes the policy. Please read it carefully.*

This endorsement modifies insurance provided under the following:

Excess Insurance Policy

It is agreed that Item 5. Underlying Insurance, of the Declarations Page is completed as follows:

Commercial Umbrella Liability Insurance:

A.        Except with respect to any obligation to investigate or defend any claim or suit, or any obligation to renew, the insurance afforded by this policy shall apply in like manner as the underlying insurance described in the policy scheduled below.

       $ 25,000,000    Each Accident or Occurrence
       $ 25,000,000    General Aggregate
       $ 25,000,000    Products-Completed Operations Aggregate

       Company: National Union Fire Insurance Company of Pittsburgh, PA
       Policy Number: 9834743
       Policy Period: 04/01/2007 to 04/01/2008

       Total Limit of all Underlying Insurance:

       $ 25,000,000    Each Accident or Occurrence
       $ 25,000,000    Annual Aggregate where applicable

       in excess of primary insurance or Self Insured Retention

It is further agreed that Item 6. Limit of Liability, of the Declarations Page is completed as follows:

Excess Insurance Policy:

$ 25,000,000    Each Accident or Occurrence and in the Aggregate (where applicable)

Excess of the Limits contained in Item 5. of the Declarations.

POLICY NUMBER: US00006399LI07A

IL 09 85 01 06

**THIS ENDORSEMENT IS ATTACHED TO AND MADE PART OF YOUR POLICY IN RESPONSE TO THE DISCLOSURE REQUIREMENTS OF THE TERRORISM RISK INSURANCE ACT. THIS ENDORSEMENT DOES NOT GRANT ANY COVERAGE OR CHANGE THE TERMS AND CONDITIONS OF ANY COVERAGE UNDER THE POLICY.**

# DISCLOSURE PURSUANT TO TERRORISM RISK INSURANCE ACT

### SCHEDULE

| | |
|---|---|
| Terrorism Premium (Certified Acts) | $ 450.00 |

This premium is the total Certified Acts premium attributable to the following Coverage Part(s), Coverage Form(s) and/or Policy(s):

Additional information, if any, concerning the terrorism premium:

| | |
|---|---|
| Federal share of terrorism losses<br>(Refer to Paragraph B. in this endorsement.) | % Year: 20 _____ |
| Federal share of terrorism losses<br>(Refer to Paragraph B. in this endorsement.) | % Year: 20 _____ |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A.  Disclosure Of Premium**

In accordance with the federal Terrorism Risk Insurance Act, we are required to provide you with a notice disclosing the portion of your premium, if any, attributable to coverage for terrorist acts certified under that Act. The portion of your premium attributable to such coverage is shown in the Schedule of this endorsement or in the policy Declarations.

**B.  Disclosure Of Federal Participation In Payment Of Terrorism Losses**

The United States Government, Department of the Treasury, will pay a share of terrorism losses insured under the federal program. For losses occurring in 2006, the federal share equals 90% of that portion of the amount of such insured losses that exceeds the applicable insurer retention. For losses occurring in 2007, the federal share equals 85% of that portion of the amount of such insured losses that exceeds the applicable insurer retention. If the federal program is extended beyond 2007, the applicable percentage is shown in the Schedule of this endorsement or in the policy Declarations

© ISO Properties, Inc., 2005

# NOTICE TO POLICYHOLDERS

## U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL ("OFAC")

No coverage is provided by this Policyholder Notice nor can it be construed to replace any provisions of your policy. You should read your policy and review your Declarations page for complete information on the coverages you are provided.

This Policyholder Notice provides information concerning possible impact on your insurance coverage due to directives issued by OFAC. **Please read this Policyholder Notice carefully.**

OFAC administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous

- Foreign agents
- Front organizations
- Terrorists
- Terrorist organizations
- Narcotics traffickers

as "Specially Designated Nationals and Blocked Persons". This list can be found on the United States Treasury's web site – http://www.treas.gov/ofac.

In accordance with OFAC regulations, if it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, this insurance will be considered a blocked or frozen contract and all provisions of this insurance will be immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, neither payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments also apply.

# IN WITNESS ENDORSEMENT

XL Insurance America, Inc.

| | |
|---|---|
| Administrative Office | Seaview House |
| | 70 Seaview Avenue |
| | Stamford, CT 06902-6040 |
| Statutory Home Office | 1201 North Market Street |
| | Suite 501 |
| | Wilmington, DE 19801 |

It is hereby agreed and understood that the following In Witness Clause supercedes any and all other In Witness clauses in this policy.

All other provisions remain unchanged.

IN WITNESS WHEREOF, the Company has caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by a duly authorized representative of the Company.

Dennis P. Kane
President

Kenneth P. Meagher
Secretary

# NOTICE TO POLICYHOLDERS

### FRAUD NOTICE

| | |
|---|---|
| **Arkansas** | Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison. |
| **Colorado** | It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claiming with regard to a settlement or award payable for insurance proceeds shall be reported to the Colorado Division of Insurance within the Department of Regulatory Agencies. |
| **District of Columbia** | **WARNING:** It is a crime to provide false or misleading information to an insurer for the purpose of defrauding the insurer or any other person. Penalties include imprisonment and/or fines. In addition, an insurer may deny insurance benefits if false information materially related to a claim was provided by the applicant. |
| **Florida** | Any person who knowingly and with intent to injure, defraud, or deceive any insurance company files a statement of claim containing any false, incomplete, or misleading information is guilty of a felony of the third degree. |
| | **Workers Compensation:** An injured employee or other party shall provide his signature in acknowledgement of the following statement: "Any person who, knowingly and with intent to injure, defraud, or deceive any employer or employee, insurance company, or self-insured program, files a statement of claim containing any false or misleading information is guilty of a felony of the third degree." If the injured party refuses to sign the document attesting that he/she has reviewed, understands, and acknowledges the statement, benefits, or payments under this chapter shall be suspended until such signature is obtained. |
| **Hawaii** | For your protection, Hawaii law requires you to be informed that presenting a fraudulent claim for payment of a loss or benefit is a crime punishable by fines or imprisonment, or both. |
| **Kentucky** | Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime. |
| **Louisiana** | Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison. |
| **Maine** | It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines, or denial of insurance benefits. |
| **New Jersey** | Any person who includes any false or misleading information on an application for an insurance policy is subject to criminal and civil penalties. |
| **New Mexico** | Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to civil fines and criminal penalties. |

© XL America, Inc. 2004

Filed
10 August 31 P3:14
Annie Rebecca Elliott
District Clerk
Fort Bend District

**IN THE DISTRICT COURT
OF FORT BEND COUNTY, TEXAS
387TH JUDICIAL DISTRICT**

400

| | | |
|---|---|---|
| IMPERIAL SUGAR COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 10-DCV--183592 |
| v. | ) | |
| | ) | Case No: _____ |
| XL INSURANCE AMERICA, INC. | ) | |
| | ) | |
| Defendant | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |

## PETITION FOR DAMAGES AND DECLARATORY RELIEF AND REQUEST FOR DISCLOSURE

COMES NOW, Imperial Sugar Company ("Imperial Sugar" or "Plaintiff") and files this Petition for Damages and Declaratory Relief and Request for Disclosure against XL Insurance America, Inc. ("XL" or "Defendant"), alleging as follows:

### I. DISCOVERY CONTROL PLAN

Imperial Sugar intends that discovery be conducted under level 2 and affirmatively pleads that it seeks monetary relief aggregating more than $50,000.

### II. INTRODUCTION

1.   This action is an insurance coverage dispute that arises in connection with twenty four personal injury lawsuits currently pending against Imperial Sugar (and other affiliated corporate entities) as a result of an explosion that occurred at Imperial's refinery in Port Wentworth, Georgia, on February 7, 2008.  Defendant is one of Imperial Sugar's excess liability insurers.  Defendant has anticipatorily breached

LEGAL02/32147774v1

10-DCV-183592
ORPE
Original Petition
655705



and absolutely repudiated its excess liability insurance policy with Imperial Sugar by wrongfully refusing to provide coverage for Imperial Sugar's defense costs in connection with the refinery litigation. This action, *inter alia*, seeks recovery of all damages caused by Defendant's unlawful conduct and a declaratory ruling from the Court as to the parties' rights and obligations under the excess liability insurance policy at issue.

### III.   PARTIES

2.   Imperial Sugar is, and at all relevant times has been, a corporation organized under the laws of the State of Texas, with its principal place of business located at 8016 Highway 90A, Sugar Land, Texas 77478.

3.   Defendant XL Insurance America, Inc. is, and at all relevant times has been, a corporation organized under the laws of the State of Wisconsin, with its principal place of business located at 70 Seaview Avenue, Stamford, Connecticut 06902. Defendant is an insurer licensed to do business in the State of Texas and pursuant to Texas Insurance Code § 804.103(b), Defendant may be served through its registered agent, C T Corporation System located at 350 North St. Paul Street, Dallas, Texas 75201.

### IV.   JURISDICTION AND VENUE

4.   The Court has personal jurisdiction over Defendant, a non-resident corporation, because Defendant purposefully availed itself of the privileges and benefits of conducting business in the State of Texas by offering a policy of excess liability insurance to Imperial Sugar, and by entering into a contract of insurance with Imperial Sugar, a Texas corporation. Furthermore, Defendant communicated with

Imperial Sugar through Imperial's Texas office and listed a Texas address for Imperial on an executed copy of the insurance contract at issue. This lawsuit arises because of Defendant's contacts with Texas.

5. This Court has subject-matter jurisdiction because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

6. Venue is proper in this Court under either §15.032 or §15.002 of the Texas Civil Practice and Remedies Code, in that suit is brought in the county in which Imperial Sugar, as the policyholder, resided at the time of the loss and where Defendant delivered its improper repudiation of the obligations at issue here.

### V.   FACTUAL BACKGROUND

7. On February 7, 2008, an explosion occurred at Imperial Sugar's refinery located in Port Wentworth, Georgia. Since that time, more than forty lawsuits have been filed against Imperial entities and other defendants alleging bodily injury, death and other harm as a result of the explosion. All such lawsuits are collectively referred to herein as the "Port Wentworth Litigation."

8. Imperial Sugar is a named insured under certain liability and excess liability insurance policies intended to provide Imperial Sugar and other insureds various layers of liability insurance protection.

9. Imperial Sugar gave timely notice of the Port Wentworth Litigation to all of its liability insurers, including but not limited to Defendant.

10. Imperial Sugar and a non-party liability insurer (the "Underlying Insurer") are parties to an "Umbrella Prime Commercial Umbrella Liability Policy," Policy No. 9834743, with a policy period from April 1, 2007 to April 1, 2008 (the

"Underlying Policy"), whereby the Underlying Insurer agreed to insure Imperial Sugar and other insureds against certain liability claims.

11.    The Underlying Policy provides for a duty to defend Imperial Sugar and all other insureds in the event of a covered claim.

12.    The Underlying Policy provides for a separate and distinct duty to pay for the defense of Imperial Sugar and all other insureds in the event of a covered claim.

13.    Imperial Sugar and Defendant are parties to an "Excess Insurance Policy," Policy No. US00006399L107A, with a policy period from April 1, 2007 to April 1, 2008 (the "Excess Policy"), whereby Defendant agreed to insure Imperial Sugar and other insureds against liability claims that exceed the limit of liability provided by the Underlying Policy. A copy of the Excess Policy is attached hereto as **Exhibit "A"**.

14.    The Excess Policy is a "follow form" excess liability insurance policy. In other words, other than a separately stated limit of liability, the Excess Policy has identical terms and conditions as the Underlying Policy unless the Excess Policy expressly states otherwise.

15.    The Excess Policy disclaims the obligation for Defendant to "assume charge" of Imperial Sugar's defense of a covered claim. However, the Excess Policy neither expressly nor impliedly excludes Defendant's separate and distinct duty to pay for Imperial Sugar's defense costs in the event of a covered claim.

16.    As a result, the duty to pay for Imperial Sugar's defense of a covered claim is expressly incorporated into and made a part of the Excess Policy and thus qualifies as covered loss under the Excess Policy.

LEGAL02/32147774v1

17. The Port Wentworth Litigation constitutes a covered claim under the Underlying Policy and the Excess Policy.

18. Pursuant to the terms and conditions of the Underlying Policy, the Underlying Insurer has accepted the defense of the Port Wentworth Litigation.

19. Upon information and belief, the Underlying Insurer has paid all defense costs to date on behalf of Imperial Sugar in connection with the Port Wentworth Litigation.

20. Upon information and belief, the limit of liability provided under the Underlying Policy will soon be exhausted by virtue of covered settlement payments made on behalf of Imperial Sugar. Consequently, the Underlying Insurer will no longer have an ongoing obligation to defend Imperial Sugar, or to pay for that defense, in connection with the Port Wentworth Litigation.

21. During the two and a half year period after the Port Wentworth explosion, Defendant's authorized claim representative and employee represented to Imperial Sugar that the Excess Policy provides coverage for Imperial Sugar's defense costs arising from the Port Wentworth Litigation.

22. Imperial Sugar justifiably relied on Defendant's representations of coverage.

23. However, on August 23, 2010, Defendant took the position, for the first time, that the Excess Policy excludes any obligation for Defendant to pay for Imperial Sugar's defense in the Port Wentworth Litigation.

24. Prior to August 23, 2010, Defendant did not issue any correspondence or other communication that reserved or purported to reserve any alleged right by

- 5 -

Defendant to limit or deny coverage to Imperial Sugar in connection with the Port Wentworth Litigation.

## COUNT I: ANTICIPATORY BREACH OF CONTRACT

25. Imperial Sugar restates and re-alleges the allegations contained in paragraphs 1-24 of this Complaint as if fully stated herein.

26. Pursuant to the express terms and conditions of the Excess Policy, upon the exhaustion of the Underlying Policy, Defendant has a contractual obligation to pay all costs associated with Imperial Sugar's defense of the Port Wentworth Litigation.

27. Pursuant to the express terms and conditions of the Excess Policy, payments of covered defense costs do not reduce or "erode" the limit of liability provided by the Excess Policy.

28. Defendant has wrongfully and unlawfully communicated to Imperial Sugar that Defendant will not pay Imperial Sugar's defense costs in connection with the Port Wentworth Litigation.

29. Defendant's actions constitute an absolute and wrongful repudiation of the coverage obligations owed to Imperial Sugar under the Excess Policy.

30. Defendant is without any just cause or excuse for its absolute repudiation of its obligation to pay Imperial Sugar's defense costs related to the Port Wentworth Litigation pursuant to the obligations owed Imperial Sugar under the Excess Policy.

31. Imperial Sugar has suffered and will continue to suffer damages and harm as a result of Defendant's absolute repudiation of its obligations to Imperial Sugar under the Excess Policy without any just excuse.

32. Defendant, through its authorized claim representative and employee, represented and affirmed that the Excess Policy covered Imperial Sugar's defense costs in the Port Wentworth Litigation.

33. Imperial Sugar justifiably relied on Defendant's representations of coverage to its detriment.

34. Defendant's actions constitute an anticipatory and material breach of the terms and conditions of the Excess Policy.

35. Defendant's failure to effectively reserve any alleged right to limit or deny coverage under the Excess Policy, coupled with Defendant's representations that the Excess Policy covered Imperial Sugar's defense costs, has resulted in a waiver of any right to claim a lack of coverage.

36. By virtue of Defendant's actions and promises of coverage, and Imperial Sugar's justified and detrimental reliance on same, Defendant is estopped from denying coverage for Imperial Sugar's defense costs.

37. All conditions precedent for the relief prayed for in this count have been fulfilled.

### COUNT II:  PROMISSORY ESTOPPEL

38. Imperial Sugar restates and re-alleges the allegations contained in paragraphs 1-37 of this Complaint as if fully stated herein.

LEGAL02/32147774v1

39.     Defendant's authorized claim representative and employee represented to Imperial Sugar that the Excess Policy provides coverage for Imperial Sugar's defense costs arising from the Port Wentworth Litigation.

40.     Imperial Sugar reasonably and substantially relied on this promise to its detriment.

41.     Defendant knew, or reasonably should have known, that Imperial Sugar would rely on representations that Imperial Sugar's defense costs were covered.

42.     Imperial Sugar relied on Defendant's promise to its detriment, and injustice can be avoided only be enforcing Defendant's promise.

43.     All conditions precedent for the relief prayed for in this count have been fulfilled.

## COUNT III:  REQUEST FOR DECLARATORY JUDGMENT

44.     Imperial Sugar restates and re-alleges the allegations contained in paragraphs 1-43 of this Complaint as if fully stated herein.

45.     Imperial Sugar requests relief pursuant to the Uniform Declaratory Judgment Act.

46.     A dispute exists between Imperial Sugar and Defendant concerning the parties' respective rights and obligations under the Excess Policy.

47.     There exists between the parties a substantial controversy of sufficient immediacy and reality to warrant declaratory relief.

48.     The facts are sufficiently established such that an actual and live controversy exists between the parties and it is ripe for adjudication.

49.     The declarations by this Court, as prayed for below, will terminate the controversy and remove uncertainty as to the legal rights and obligations between the parties.

50.　Imperial Sugar respectfully submits that this Court should exercise its power, pursuant to Texas Civil Practice and Remedies Code §37.003, and issue the following declaratory judgment in this action.

51.　Imperial Sugar seeks a declaration and judgment from this Court that Defendant is obligated to pay all of Imperial Sugar's defense costs incurred in connection with the Port Wentworth Litigation and that payment of such defense costs shall not reduce or erode the limit of liability under the Excess Policy.

52.　All conditions precedent for the relief prayed for in this count have been fulfilled.

### ATTORNEYS' FEES AND COSTS

53.　Imperial Sugar necessarily has retained counsel to represent it in this action and has agreed to pay its counsel's reasonable and necessary attorneys' fees and costs.

54.　Imperial Sugar is entitled to recover its reasonable and necessary attorneys' fees and costs under Texas Civil Practice & Remedies Code chapter 38 because this is a suit for breach of a written contract.

55.　Imperial Sugar is also entitled, pursuant to Texas Civil Practice & Remedies Code § 37.009, to recover its attorneys' fees and costs for the declaratory relief sought under the Uniform Declaratory Relief Act, Texas Civil Practice & Remedies Code § 37.001 et seq.

### DEMAND FOR JURY TRIAL

56.　Imperial Sugar demands a jury trial on all issues so triable.

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Defendant is requested to disclose, within fifty days of the service of this request, the information or material described in Rule 194.2.

LEGAL02/32147774v1



10-DCV-183592
JUDE
Jury Demand
665706

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Imperial Sugar prays:

a.  that the Court declare the rights and obligations of the parties, including a declaratory ruling that Defendant is obligated to pay all of Imperial Sugar's defense costs incurred in connection with the Port Wentworth Litigation and that payment of such defense costs shall not reduce or erode the limit of liability under the Excess Policy;

b.  that the Court enter judgment and order Defendant to pay Imperial Sugar all damages and other losses resulting from Defendant's anticipatory breach of the Excess Policy;

c.  that the Court enter judgment and order Defendant to pay Imperial Sugar an award of reasonable attorney's fees and costs incurred by Imperial Sugar as a result of Defendant's anticipatory breach of contract;

d.  that the Court enter judgment and order Defendant to pay Imperial Sugar an award of reasonable attorney's fees and costs incurred by Imperial Sugar in pursuing this action;

e.  that the Court award such other and further relief as may be appropriate in law or equity.

Respectfully submitted this 31st day of August, 2010.

/s/  Darren L. McCarty
DARREN L. MCCARTY
Texas Bar No. 24007631
darren.mccarty@alston.com

ALSTON & BIRD LLP
Chase Tower, Suite 3601
2200 Ross Avenue
Dallas, TX 75201
214-922-3400 (telephone)
214-922-3899 (facsimile)

GERALD L. MIZE, JR.*
Georgia Bar No. 514316
gerald.mize@alston.com
STEPHEN L. BRACY*
Georgia Bar No. 074215
stephen.bracy@alston.com

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)

*Attorneys for Plaintiff Imperial
Sugar Company*

*\*Pro Hac Vice Applications
Forthcoming*

- 11 -

# XL INSURANCE

# EXCESS INSURANCE POLICY

## DECLARATIONS

**Policy Number**  US00006399LI07A                    **Renewal of Number**   US00006399LI06A

**Date Issued**  May 23, 2007

| Item | | |
|---|---|---|
| 1. | Named Insured & Address | Imperial Sugar Company<br>8016 Highway 90A<br>Sugar Land, TX  77478 |
| 2. | Policy period | Policy covers from April 01, 2007 to April 01, 2008 12:01 a.m. standard time at the Named Insured's address stated above. |
| 3. | Coverage is provided by | XL Insurance America, Inc. |
| | | Representative:   Todd Haselhorst<br>Agent or Broker:   Hilb, Rogal & Hobbs<br>Office Address:   1155 Dairy Ashford, Suite # 350<br>Houston, Texas  77079 |
| 4. | Premium is payable | $ 50,000 In advance adjustable at a rate of Flat per N/A<br>Annual Exposure estimated at:  N/A.<br>$ 50,000 Annual Minimum Premium<br>plus $ 450 2002 Federal Terrorism Risk Insurance Act<br>= $ 50,450 Total Advance Premium |
| 5. | Underlying Insurance | As per Schedule of Underlying Insurance/Limit of Liability Attached |
| 6. | Limit of Liability | As per Schedule of Underlying Insurance/Limit of Liability Attached |
| 7. | Policy jacket, forms and endorsements attached to this policy at inception (number and edition date) | As per CD 108 (5-99) attached |

XL Insurance America, Inc.

XS 38 (12-87)

*Richard Moriega*

Countersigned By: _____

Authorized Representative

**EXHIBIT**

*A*

# Coverage Forms/Parts • Endorsements • Enclosures

umed Insured  Imperial Sugar Company        Policy Number  US00006399LI07A

**Coverage Forms/Parts and Endorsements Forming a Part of This Policy at Inception:**

| Form Number (Edition Date) | Title |
|---|---|
| XS 38 (12-87) | Excess Insurance Policy Declarations |
| XS 39 (12-87) | Excess Insurance Policy |
| | Schedule of Underlying Insurance/Limit of Liability |

## State Amendatory Endorsements

| Endorsement Number | Name |
|---|---|
| End. # 1 | XS 122 (1-89) Texas Nuclear Exclusion Amendment |
| End. # 2 | XS 123 (7-94) Cancellation and Nonrenewal Texas |

## Other Endorsements

| Endorsement Number | Endorsement Title |
|---|---|
| End. # 3 | Economic and Trade Sanctions |
| End. # 4 | Amendment to Conditions - Crisis Response Endorsement |
| End. # 5 | Amendment to Conditions Endorsement - Loss Payable and Expenses |
| End. # 6 | XS 193 (1-98) Insuring Agreement Redefined |
| End. # 7 | XS 40 (12-87) Nuclear Energy Liability Exclusion |
| End. # 8 | XS 2 (8-91) Asbestos Exclusion |
| End. # 9 | United States Longshore and Harbor Workers Act and Jones Act Exclusion |
| End. # 10 | Cap on Losses from Certified Acts - XS 275 (1106) |

# Schedule of Underlying Insurance/Limit of Liability

*This endorsement changes the policy. Please read it carefully.*

This endorsement modifies insurance provided under the following:

Excess Insurance Policy

It is agreed that Item 5. Underlying Insurance, of the Declarations Page is completed as follows:

Commercial Umbrella Liability Insurance:

A.     Except with respect to any obligation to investigate or defend any claim or suit, or any obligation to renew, the insurance afforded by this policy shall apply in like manner as the underlying insurance described in the policy scheduled below:

$ 25,000,000     Each Accident or Occurrence
$ 25,000,000     General Aggregate
$ 25,000,000     Products-Completed Operations Aggregate

Company: National Union Fire Insurance Company of Pittsburgh, PA
Policy Number: 9834743
Policy Period:  04/01/2007 to 04/01/2008

Total Limit of all Underlying Insurance:

$ 25,000,000     Each Accident or Occurrence
$ 25,000,000     Annual Aggregate where applicable

In excess of primary insurance or Self Insured Retention

It is further agreed that Item 6. Limit of Liability, of the Declarations Page is completed as follows:

Excess Insurance Policy.

$ 25,000,000     Each Accident or Occurrence and in the Aggregate (where applicable)

Excess of the Limits contained in Item 5. of the Declarations.

Policy Number : US00006399LI07A
XL Insurance America Inc.

POLICY NUMBER: US00006399LI07A

IL 09 85 01 06

THIS ENDORSEMENT IS ATTACHED TO AND MADE PART OF YOUR POLICY IN RESPONSE TO THE DISCLOSURE REQUIREMENTS OF THE TERRORISM RISK INSURANCE ACT. THIS ENDORSEMENT DOES NOT GRANT ANY COVERAGE OR CHANGE THE TERMS AND CONDITIONS OF ANY COVERAGE UNDER THE POLICY.

# DISCLOSURE PURSUANT TO TERRORISM RISK INSURANCE ACT

## SCHEDULE

| | |
|---|---|
| Terrorism Premium (Certified Acts) | $ 450.00 |

This premium is the total Certified Acts premium attributable to the following Coverage Part(s), Coverage Form(s) and/or Policy(s):

Additional information, if any, concerning the terrorism premium:

Federal share of terrorism losses        % Year: 20 _____
(Refer to Paragraph B. in this endorsement.)

Federal share of terrorism losses        % Year: 20 _____
(Refer to Paragraph B. in this endorsement.)

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A. Disclosure Of Premium**

In accordance with the federal Terrorism Risk Insurance Act, we are required to provide you with a notice disclosing the portion of your premium, if any, attributable to coverage for terrorist acts certified under that Act. The portion of your premium attributable to such coverage is shown in the Schedule of this endorsement or in the policy Declarations.

**B. Disclosure Of Federal Participation In Payment Of Terrorism Losses**

The United States Government, Department of the Treasury, will pay a share of terrorism losses insured under the federal program. For losses occurring in 2006, the federal share equals 90% of that portion of the amount of such insured losses that exceeds the applicable insurer retention. For losses occurring in 2007, the federal share equals 85% of that portion of the amount of such insured losses that exceeds the applicable insurer retention. If the federal program is extended beyond 2007, the applicable percentage is shown in the Schedule of this endorsement or in the policy Declarations

IL 09 85 01 06            © ISO Properties, Inc., 2005            Page 1 of 1

# NOTICE TO POLICYHOLDERS

## U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL ("OFAC")

No coverage is provided by this Policyholder Notice nor can it be construed to replace any provisions of your policy. You should read your policy and review your Declarations page for complete information on the coverages you are provided.

This Policyholder Notice provides information concerning possible impact on your insurance coverage due to directives issued by OFAC. **Please read this Policyholder Notice carefully.**

OFAC administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous

- Foreign agents
- Front organizations
- Terrorists
- Terrorist organizations
- Narcotics traffickers

as "Specially Designated Nationals and Blocked Persons". This list can be found on the United States Treasury's web site – http://www.treas.gov/ofac.

In accordance with OFAC regulations, if it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, this insurance will be considered a blocked or frozen contract and all provisions of this insurance will be immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, neither payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments also apply.

Includes copyrighted material of Insurance Services Office Inc.

# IN WITNESS ENDORSEMENT

XL Insurance America, Inc.

Administrative Office

Seaview House
70 Seaview Avenue
Stamford, CT 06902-6040

Statutory Home Office

1201 North Market Street
Suite 501
Wilmington, DE 19801

It is hereby agreed and understood that the following In Witness Clause supercedes any and all other In Witness clauses in this policy.

All other provisions remain unchanged.

IN WITNESS WHEREOF, the Company has caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by a duly authorized representative of the Company.

Dennis P. Kane
President

Kenneth P. Meagher
Secretary

# NOTICE TO POLICYHOLDERS

## PRIVACY POLICY

The XL America, Inc. insurance group (the "Companies"), believes personal information that we collect about our customers, potential customers, and proposed insureds (referred to collectively in this Privacy Policy as "customers") must be treated with the highest degree of confidentiality. For this reason and in compliance with the Title V of the Gramm-Leach-Bliley Act ("GLBA"), we have developed a Privacy Policy that applies to all of our companies. For purposes of our Privacy Policy, the term "personal information" includes all information we obtain about a customer and maintain in a personally identifiable way. In order to assure the confidentiality of the personal information we collect and in order to comply with applicable laws, all individuals with access to personal information about our customers are required to follow this policy.

### Our Privacy Promise

Your privacy and the confidentiality of your business records are important to us. Information and the analysis of information is essential to the business of insurance and critical to our ability to provide to you excellent, cost-effective service and products. We understand that gaining and keeping your trust depends upon the security and integrity of our records concerning you. Accordingly, we promise that:

1.  We will follow strict standards of security and confidentiality to protect any information you share with us or information that we receive about you;

2.  We will verify and exchange information regarding your credit and financial status only for the purposes of underwriting, policy administration, or risk management and only with reputable references and clearinghouse services;

3.  We will not collect and use information about you and your business other than the minimum amount of information necessary to advise you about and deliver to you excellent service and products and to administer our business;

4.  We will train our employees to handle information about you or your business in a secure and confidential manner and only permit employees authorized to use such information to have access to such information;

5.  We will not disclose information about you or your business to any organization outside the XL insurance group of Companies or to third party service providers unless we disclose to you our intent to do so or we are required to do so by law;

6.  We will not disclose medical information about you, your employees, or any claimants under any policy of insurance, unless you provide us with written authorization to do so, or unless the disclosure is for any specific business exception provided in the law;

7.  We will attempt, with your help, to keep our records regarding you and your business complete and accurate, and will advise you how and where to access your account information (unless prohibited by law), and will advise you how to correct errors or make changes to that information; and

8.  We will audit and assess our operations, personnel and third party service providers to assure that your privacy is respected

### Collection and Sources of Information

We collect from a customer or potential customer only the personal information that is necessary for (a) determining eligibility for the product or service sought by the customer, (b) administering the product or service obtained, and (c) advising the customer about our products and services. The information we collect generally comes from the following sources:

© XL America, Inc. 2004

# NOTICE TO POLICYHOLDERS

| | |
|---|---|
| New York | **All commercial insurance forms, except as provided for automobile insurance:** |

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.

**Automobile insurance forms**

Any person who knowingly makes or knowingly assists, abets, solicits or conspires with another to make a false report of the theft, destruction, damage or conversion of any motor vehicle to a law enforcement agency, the department of motor vehicles or an insurance company, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the value of the subject motor vehicle or stated claim for each violation.

**Fire Insurance:** Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime. The proposed insured affirms that the foregoing information is true and agrees that these applications shall constitute a part of any policy issued whether attached or not and that any willful concealment or misrepresentation of a material fact or circumstances shall be grounds to rescind the insurance policy.

**Ohio**

Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

**Oklahoma**

**WARNING:** Any person who knowingly, and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony.

**Pennsylvania**

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

**Auto:** Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing any false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and the payment of a fine of up to $15,000.

**Puerto Rico**

Any person who knowingly and with the intention to defraud includes false information in an application for insurance or file, assist or abet in the filing of a fraudulent claim to obtain payment of a loss or other benefit, or files more than one claim for the same loss or damage, commits a felony and if found guilty shall be punished for each violation with a fine of no less than five thousands dollars ($5,000), not to exceed ten thousands dollars ($10,000); or imprisoned for a fixed term of three (3) years, or both. If aggravating circumstances exist, the fixed jail term may be increased to a maximum of five (5) years; and if mitigating circumstances are present, the jail term may be reduced to a minimum of two (2) years.

**Rhode Island**

**Property Insurance, Real or Personal:**

The insurance application form shall indicate the existence of a criminal penalty for failure to disclose a conviction of arson.

© XL America, Inc. 2004

# NOTICE TO POLICYHOLDERS

### FRAUD NOTICE

| | |
|---|---|
| **Arkansas** | Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison. |
| **Colorado** | It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claiming with regard to a settlement or award payable for insurance proceeds shall be reported to the Colorado Division of Insurance within the Department of Regulatory Agencies. |
| **District of Columbia** | **WARNING:** It is a crime to provide false or misleading information to an insurer for the purpose of defrauding the insurer or any other person. Penalties include imprisonment and/or fines. In addition, an insurer may deny insurance benefits if false information materially related to a claim was provided by the applicant. |
| **Florida** | Any person who knowingly and with intent to injure, defraud, or deceive any insurance company files a statement of claim containing any false, incomplete, or misleading information is guilty of a felony of the third degree.<br><br>**Workers Compensation:** An injured employee or other party shall provide his signature in acknowledgement of the following statement: "Any person who, knowingly and with intent to injure, defraud, or deceive any employer or employee, insurance company, or self-insured program, files a statement of claim containing any false or misleading information is guilty of a felony of the third degree." If the injured party refuses to sign the document attesting that he/she has reviewed, understands, and acknowledges the statement, benefits, or payments under this chapter shall be suspended until such signature is obtained. |
| **Hawaii** | For your protection, Hawaii law requires you to be informed that presenting a fraudulent claim for payment of a loss or benefit is a crime punishable by fines or imprisonment, or both. |
| **Kentucky** | Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime. |
| **Louisiana** | Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison. |
| **Maine** | It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines, or denial of insurance benefits. |
| **New Jersey** | Any person who includes any false or misleading information on an application for an insurance policy is subject to criminal and civil penalties. |
| **New Mexico** | Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to civil fines and criminal penalties. |

© XL America, Inc. 2004

# NOTICE TO POLICYHOLDERS

1.  Submission – During the submission process, you provide us with information about you and your business, such as your name, address, phone number, e-mail address, and other types of personal identification information;

2.  Quotes – We collect information to enable us to determine your eligibility for the particular insurance product and to determine the cost of such insurance to you. The information we collect will vary with the type of insurance you seek;

3.  Transactions – We will maintain records of all transactions with us, our affiliates, and our third party service providers, including your insurance coverage selections, premiums, billing and payment information, claims history, and other information related to your account;

4.  Claims – If you obtain insurance from us, we will maintain records related to any claims that may be made under your policies. The investigation of a claim necessarily involves collection of a broad range of information about many issues, some of which does not directly involve you. We will share with you any facts that we collect about your claim unless we are prohibited by law from doing so. The process of claim investigation, evaluation, and settlement also involves, however, the collection of advice, opinions, and comments from many people, including attorneys and experts, to aid the claim specialist in determining how best to handle your claim. In order to protect the legal and transactional confidentiality and privileges associated with such opinions, comments and advice, we will not disclose this information to you; and

5.  Credit and Financial Reports – We may receive information about you and your business regarding your credit. We use this information to verify information you provide during the submission and quote processes and to help underwrite and provide to you the most accurate and cost-effective insurance quote we can provide.

## Retention and Correction of Personal Information

We retain personal information only as long as required by our business practices and applicable law. If we become aware that an item of personal information may be materially inaccurate, we will make reasonable effort to re-verify its accuracy and correct any error as appropriate.

## Storage of Personal Information

We have in place safeguards to protect data and paper files containing personal information.

## Sharing/Disclosing of Personal Information

We maintain procedures to assure that we do not share personal information with an unaffiliated third party for marketing purposes unless such sharing is permitted by law. Personal information may be disclosed to an unaffiliated third party for necessary servicing of the product or service or for other normal business transactions as permitted by law.

We do not disclose personal information to an unaffiliated third party for servicing purposes or joint marketing purposes unless a contract containing a confidentiality/non-disclosure provision has been signed by us and the third party. Unless a consumer consents, we do not disclose "consumer credit report" type information obtained from an application or a credit report regarding a customer who applies for a financial product to any unaffiliated third party for the purpose of serving as a factor in establishing a consumer's eligibility for credit, insurance or employment. "Consumer credit report type information" means such things as net worth, credit worthiness, lifestyle information (piloting, skydiving, etc.) solvency, etc. We also do not disclose to any unaffiliated third party a policy or account number for use in marketing. We may share with our affiliated companies information that relates to our experience and transactions with the customer.

## Policy for Personal Information Relating to Nonpublic Personal Health Information

We do not disclose nonpublic personal health information about a customer unless an authorization is obtained from the customer whose nonpublic personal information is sought to be disclosed. However, an authorization shall not be prohibited, restricted or required for the disclosure of certain insurance functions, including, but not limited to, claims administration, claims adjustment and management, detection, investigation or reporting of actual or potential fraud, misrepresentation or criminal activity, underwriting, policy placement or issuance, loss control and/or auditing.

© XL America, Inc. 2004

# NOTICE TO POLICYHOLDERS

## Access to Your Information

Our employees, employees of our affiliated companies, and third party service providers will have access to information we collect about you and your business as is necessary to effect transactions with you. We may also disclose information about you to the following categories of person or entities:

1. Your independent insurance agent or broker;

2. An independent claim adjuster or investigator, or an attorney or expert involved in the claim;

3. Persons or organizations that conduct scientific studies, including actuaries and accountants;

4. An insurance support organization;

5. Another insurer if to prevent fraud or to properly underwrite a risk;

6. A state insurance department or other governmental agency, if required by federal, state or local laws; or

7. Any persons entitled to receive information as ordered by a summons, court order, search warrant, or subpoena.

## Violation of the Privacy Policy

Any person violating the Privacy Policy will be subject to discipline, up to and including termination.

For more information or to address questions regarding this privacy statement, please contact your broker.

# NOTICE TO POLICYHOLDERS

### IMPORTANT NOTICE

To obtain information or make a complaint:

You may contact your agent

You may call XL Insurance
toll-free telephone
number for information or to make a
complaint at

#### 1-800-688-1840

You may also write to XL Insurance at

Seaview House
70 Seaview Avenue
Stamford, CT  06902-6040

You may contact the Texas Department of
Insurance to obtain information on
companies, coverages, rights or complaints
at

#### 1-800-252-3439

You may write the Texas Department of
Insurance

P.O. Box 149104
Austin, TX  78714-9104
FAX:  (512) 475-1771
Web:  http://www.tdi.state.tx.us
E-mail:
ConsumerProtection@tdi.state.tx.us

### AVISO IMPORTANTE

Para obtener informacion o para someter una queja:

Puede comunicarse con su agente

Usted puede llamar al numero de telefono
gratis de XL Insurance
para informacion o
para someter una queja al

#### 1-800-688-1840

Usted tambien puede escribir a XL Insurance

Seaview House
70 Seaview Avenue
Stamford, CT  06902-6040

Puede comunicarse con el Departamento de
Seguros de Texas para obtener informacion
acerca de companias, coberturas, derechos o quejas al

#### 1-800-252-3439

Puede escribir al Departamento de Seguros de Texas

P.O. Box 149104
Austin, TX  78714-9104
FAX:  (512) 475-1771
Web:  http://www.tdi.state.tx.us
E-mail:
ConsumerProtection@tdi.state.tx.us

---

**PREMIUM OR CLAIM DISPUTES:**
Should you have a dispute concerning your
premium or about a claim, you should contact
the agent first.  If the dispute is
not resolved, you may contact the
Texas Department of Insurance.

**ATTACH THIS NOTICE TO YOUR POLICY:**
This notice is for information only and
does not become a part or condition of
the attached document.

**DISPUTAS SOBRE PRIMAS O RECLAMOS:**
Si tiene una disputa concerniente a su prima
o a un reclamo, debe comunicarse con el
agente primero.  Si no se resuelve la
disputa, puede entonces comunicarse con el
departamento (TDI).

**UNA ESTE AVISO A SU POLIZA:**
Este aviso es solo para proposito de informacion y
no se convierte en parte o condicion del
documento adjunto.

PN TX 01 0707

© XL America, Inc. 2004

Page 1 of 1

# Excess Insurance Policy

In consideration of the payment of premium and in reliance upon the statements in the Declarations and subject to all the terms of this policy, the Company named in the Declarations (a Capital Stock Company, herein called the Company) agrees with the Insured, also named in the Declarations, to provide coverage as follows:

### Insuring Agreement

To indemnify the Insured for that amount of loss which exceeds the amount of loss payable by underlying policies described in the Declarations, but the Company's obligation hereunder shall not exceed the Limit of Liability stated in Item 6. of the Declarations.

### Conditions

A.   **Application of Underlying Insurance.** Except as otherwise stated herein, and except with respect to (1) any obligation to investigate or defend any claim or suit, or (2) any obligation to renew, the insurance afforded by this policy shall apply in like manner as the underlying insurance described in the Declarations.

B.   **Maintenance of Underlying Insurance.** It is warranted by the Insured that the underlying policies listed in Item 5. of the Declarations, or renewals or replacements thereof not more restricted, shall be maintained in force as valid and collectible during the currency of this policy, except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of occurrences happening during this policy period. In the event of failure by the Insured to so maintain such policies in force or to meet all conditions and warranties subsequent to loss under such policies, the insurance afforded by this policy shall apply in the same manner it would have applied had such policies been so maintained in force. Notice of exhaustion of underlying insurance shall be given the company within thirty (30) days of such exhaustion.

C.   **Loss Payable.** Liability of the Company with respect to any one occurrence shall not attach unless and until the Insured, or the Insured's underlying insurer, has paid the amount of underlying insurance stated in Item 5. of the Declarations. The Insured shall make a definite claim for loss, for which the Company may be liable within twelve (12) months after the Insured has paid any amount of excess loss, as stated in Item 6. of the Declarations; or after the Insured's liability shall have been made certain by final judgment after actual trial; or by written agreement of the Insured, the Claimant and the Company. Any subsequent payments made by the Insured on account of the same occurrence shall be payable by the Company within thirty (30) days after additional claim is made by the Insured, and after the Insured has shown proof in conformity with this policy.

D.   **Premium Computation.** The premium for this policy shall be based upon the rating basis set forth in the Declarations and shall be computed by applying the rate set forth in the Declarations to each unit of exposure generated by the Insured during the policy period. The advance premium is based upon the estimated exposures for the policy period as stated in the Declarations. Upon expiration of this policy or its termination during the policy period, the earned premium shall be computed as thus defined. If the computed earned premium is more than the advance premium paid, the Named Insured shall immediately pay the excess to the Company; if less, the Company shall return the difference to the Named Insured; but the Company shall receive and retain the annual minimum premium for each twelve (12) months of the policy period.

E.   **Assistance and Cooperation.** The Company shall not be called upon to assume charge of the settlement or defense of any claim made or proceeding instituted against the Insured; but the Company shall have the right and opportunity to associate with the Insured in the defense and control of any claim or proceeding reasonably likely to involve the Company. In such event the Insured and the Company shall cooperate fully.

F.   **Expenses.** Loss and legal expenses incurred by the Insured with the consent of the Company in the investigation or defense of claims, including court costs and interest, shall be borne by both the Company and the Insured in the proportion that each party's share of loss bears to the total amount of such loss. Salaries and expenses of the Insured's employees shall not be considered as part of the above expenses. Expenses thus paid by the Company shall be paid in addition to the Limit of Liability stated in Item 6. of the Declarations.

G.   **Notice of Occurrence.** Upon the happening of an occurrence reasonably likely to involve the Company hereunder, written notice shall be given as soon as practicable to the Company or any of its authorized agents. Such notice shall contain particulars sufficient to identify the Insured and the fullest information obtainable at the time.

The Insured shall give like notice of any claim made on account of such occurrence. If legal proceedings are begun, the Insured, when requested by the Company, shall forward to it each paper thereon, or a copy thereof, received by the Insured or the Insured's representatives, together with copies of reports of investigations made by the Insured with respect to such claim proceedings.

XS 39 (12-87)

**DOCKET**

CAUSE NO.  10-DCV-183592

| COURT NO. | | STYLE OF CASE | ATTORNEYS | TYPE OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|
| **400TH JUDICIAL DISTRICT COURT** | | IMPERIAL SUGAR COMPANY VS  XL INSURANCE AMERICA, INC. | DARREN L. MCCARTY | All Other Civil Suits | MONTH | DAY | YEAR |
| STENOGRAPHER USED? | | | 1201 WEST PEACHTREE ST ATLANTA GA  30309 | | | 08/31/2010 | |
| YES | NO | | | | | | |
| | | | 214-922-3400 | | JURY FEE | | |
| | | | | | PAID BY | | |

| DATE OF ORDERS | | | |
|---|---|---|---|
| MONTH | DAY | YEAR | ORDERS OF COURT |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |